NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DRAZENOVICH DON ARRINGTON, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED PARCEL SERVICE, : <br> TEAMSTERS UNION LOCAL 177, : <br> : <br> Defendants. : | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No. 04-CV-2450 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by United Parcel Service (UPS) and Teamsters Union Local 177 ("Local 177") ("Defendants"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on all counts of the Complaint filed by pro se Plaintiff Drazenovich Don Arrington ("Plaintiff"). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is **granted**.

I. BACKGROUND

Plaintiff was terminated by UPS on April 8, 2002, for failure to report to work and failure to explain his absences. (Defendants' Brief in Support of its Motion for Summary Judgment ("Def. Br.") at 1). During the duration of his employment, Plaintiff was a member of Local 177. (Id.) On April 16, 2004, more than two years after he was terminated, Plaintiff filed a

Discrimination Charge ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division on Civil Rights ("NJDCR"). (Id.) On his Charge he claimed he was harassed by his employer due to his age and terminated in retaliation for his complaints to his supervisors regarding the harassment. (Plaintiff's Charge). Plaintiff is currently fifty years old and was forty-eight years old when the alleged discrimination took place. (Plaintiff's Complaint ("Pl. Compl.") at 3). The EEOC dismissed Plaintiff's Charge as untimely on May 13, 2004. (Defendants' Certification ("Pl. Cert.") Ex. B).

Plaintiff then filed a Complaint in this Court on May 26, 2004, alleging Defendants violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). (Pl. Compl. at 3). Local 177 filed a Motion to Dismiss on November 17, 2004, for Plaintiff's failure to comply with the filing requirements mandated by the ADEA. (Defendant's Brief in Support of its Motion to Dismiss at 1). On November 23, 2004, Plaintiff filed an Amended Complaint in response to Local 177's Motion to Dismiss, claiming he filed a Charge with the EEOC first on January 23, 2002, and again on February 9, 2002, and that in addition to his prior complaints, Defendants also discriminated against him due to his disability. (Plaintiff's Amended Complaint ("Pl. Am. Compl.") at 2). UPS filed a Motion for Summary Judgment on March 18, 2005, for Plaintiff's failure to exhaust administrative remedies and failure to file a timely claim. (Def. Br. at 2). Co-defendant Local 177 withdrew its Motion to Dismiss and joined UPS's Motion for Summary Judgment on April 5, 2005. (Local 177's Letter to withdraw its Motion and Join UPS's Motion at 2).

## II. DISCUSSION

## A. Standard for Summary Judgment

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing either (1) there is no genuine issue of fact and it must prevail as a matter of law; or (2) that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331. If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts that support each element for which he bears the burden and must establish the existence of genuine issues of material fact. Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, Fed. R. Civ. P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, a court should dismiss the case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it." Cole v. Commonwealth Federal, 1994 WL 618464, *1 (E.D.Pa.); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D.Pa.1981); Brown v. Califano,

75 F.R.D. 497 (1977).

## B. Filing a Timely EEOC Charge

The ADEA prohibits employers from discriminating against employees over the age of forty. 29 U.S.C. § 623(a)(1). The ADA prohibits employers from discriminating against a "qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Both the ADEA and the ADA require aggrieved parties to file a Charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred" prior to filing a suit in federal court. 29 U.S.C.A. § 626(d). Plaintiffs filing claims in a state with an agency for fair employment practices have three hundred days to file a Charge. Id. New Jersey has such an agency, the New Jersey Division on Civil Rights ("NJDCR"). Therefore, plaintiffs filing claims in New Jersey have three hundred days to do so. These limitation periods protect the civil rights of those promptly asserting their claims and also prevent employers from having the burden of defending claims arising from employment decisions made long ago. Del. State Coll. v. Ricks, 449 U.S. 250, 256-57 (1980).

The Supreme Court of the United States held that the filing requirements set by the ADEA are to operate as a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982). If a plaintiff fails to file a Charge within the required filing dates, the plaintiff may not institute a civil action under either the ADEA or the ADA. Watson v. Eastman Kodak

Co., 235 F.3d 851, 854 (3d Cir. 2002). In addition to filing a claim within the required time period, a party claiming their employer violated the ADEA or ADA may not file a claim in federal district court unless he has "first pursued the required avenues of potential administrative relief." Love v. Pullman Co. 404 U.S. 522, 523 (1972). Under the ADEA and ADA, plaintiffs must first file a Charge with their state agency, assuming their state has one, and then must file a Charge with the EEOC. 29 U.S.C.A. § 626(d). A Charge is considered properly filed when the EEOC receives a written statement sufficiently precise to identify the parties and to generally describe the action or practices complained of from the aggrieved party. Love, 404 U.S. at 524. Once a plaintiff has properly filed a Charge with the EEOC, he must wait until he receives a right-to-sue letter. Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). The right-to-sue letter indicates the EEOC has exhausted all administrative remedies and the plaintiff may now file a Complaint in federal court if he so chooses. Id. A plaintiff may not bring an ADEA or ADA suit in federal court if he has not received a right-to-sue letter first. Id. If a plaintiff elects to file a claim in federal court, he must do so within ninety days of receiving the right-to-sue letter. Id.

Here, Plaintiff did not submit any evidence indicating he filed a Charge with the NJDCR, the first "avenue of potential administrative relief" New Jersey plaintiffs are required to pursue. Love, 404 U.S. at 523. Plaintiff did file a Charge with the EEOC on April 29, 2004, which was dismissed because he "waited too long after the date of the alleged discrimination to file [his] charge." (Def. Cert. Ex. B). Plaintiff never received a right-to-sue letter from the EEOC

regarding his Charge because he filed it well after the required filing date. Due to Plaintiff's untimely filing and his lacking a right-to-sue letter, Plaintiff's claims for discrimination in violation of the ADEA are dismissed.

Plaintiff's claims of discrimination under the ADA are also dismissed. Plaintiff filed an Amended Complaint alleging Defendants harassed him regarding his disability in violation of the ADA. (Pl. Am. Compl. at 3). Plaintiff also stated he had filed a Charge with the EEOC regarding this matter on January 23, 2002. (Id.) However, Plaintiff did not attach his EEOC charge or a right-to-sue letter to his Amended Complaint. (Id.) In fact, he did not present any evidence indicating he pursued any administrative relief for his ADA claims. Furthermore, in a letter to Defendants the EEOC stated it never recieved any notice or Charge from the Plaintiff related to this matter. (Def. Cert. Ex. G). Due to Plaintiffs failure to pursue administrative relief and file a timely Charge with the EEOC, his ADA claims are barred and Defendants' Motion for Summary Judgment is granted.

## III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' Motion for Summary Judgment is **granted** and Plaintiff's Complaint is **dismissed**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       October 5, 2005
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File